THOMAS J. HARRIS *v.* MINER C. STORY.

Where the assignor of a claim testified on the trial, that the action was brought "to recover his money and for his immediate benefit;" *quere*, whether there was error in excluding his evidence from the case, although his assignment to the plaintiff was in writing under seal, and the latter gave him a promissory note therefor? *Per* INGRAHAM, FIRST J.

Where a claim for labor on the Panama Railroad was adjusted at the place of performance, with a clerk of the employer, on the report of his superintendent, and a payment was made to the claimant, who gave a receipt in full, without objection; it was *held*—in an action afterwards brought in New York, to recover upon the alleged value of the work—that the claimant, in the absence of any evidence of mistake, was concluded by the settlement.

The rule that a partial payment, without a release, is no bar to an action for the balance due, has no application under such circumstances.

In an action in the Marine Court, the complaint simply alleged a sum due for labor and services rendered at a specified time. The answer was a general denial. On the trial, the proofs disclosed the existence of a written contract between the parties, which was offered in evidence by the defendant, and excluded by the justice as inadmissible under the pleadings. *Held*, that the ruling was erroneous, and that the question was one of evidence and not of pleading.

There can be no recovery upon an *implied* promise, where there is an *express* agreement.

Proof that the signature of a person, who cannot write, was affixed to a contract by his direction, is sufficient to bind him, (where no fraud was perpetrated or undue advantage taken of his ignorance,) without showing affirmatively that he knew the contents. (*a*)

Two actions, each entitled as above, were brought against the defendant, in the Marine Court, to recover for work performed upon the Isthmus of Panama. The defendant employed, in New York, and took to the isthmus, a large number of laborers. These suits were two of a number prosecuted by several persons on their return to New York. (*b*)

The plaintiff claimed under assignments, executed in the first suit by one Cosgrove, and in the second by one Fagan, both in writing, sealed, and expressing the consideration as of one dollar.

In the former, judgment was rendered for the defendant; in the latter, for the plaintiff.

Appeals were taken to this court in both cases. Although now reported together, they were submitted and determined separately. The essential facts of each case are disclosed sufficiently in the respective opinions.

*Justus Palmer* and *Thos. W. Waterman*, for the plaintiff.

*John Graham*, for the defendant.

The following opinion was filed on the decision of the plaintiff's appeal in the first suit:

By THE COURT. INGRAHAM, FIRST J.—Whether the evidence of Cosgrove, who assigned the claim to the plaintiff, could be properly excluded, it is not necessary to decide. Although it appeared that a note was given for the assign-

---

(*a*) See *Mallon* v. *Story, ante,* p. 331.

(*b*) See *Mallon* v. *Story, ante,* p. 331; *Monahan* v. *Same, post,* decided at the present term; *Lyons* v *Same, post,* May term.

Harris *v.* Story.

ment of the claim, still the. assignor testified, on cross-examination as to his interest, that the action was brought to recover his money, and for his immediate benefit. He knew the arrangement between him and the plaintiff, and with that knowledge he claims the money as his, and the suit as being for his immediate benefit.

But taking his testimony into view, the case stands thus: The plaintiff's assignor proved the doing of work for six months, and that he was to have $1 per day. He also stated that he signed a paper in the defendant's office the day before leaving for Panama. What that paper was, is not stated. The defendant offered an agreement in evidence, which was excluded by the court as inadmissible under the pleadings. If such paper had been proved to be the contract between the parties, it was the only evidence upon which the plaintiff's claim was founded, and was clearly admissible on the part of either the plaintiff or the defendant. The defendant had a right to use it, to regulate the price of labor and the conditions of service under the general denial of the answer. The admission of proof of payment without a plea of payment, was far more objectionable than proof of the terms of the contract under which the plaintiff sought to recover.

As the evidence of payment was not objected to below, the only question now is, whether proof of payment of $80 in full discharge of all claims, is sufficient to sustain the judgment. The rule, that a partial payment without a release, is no bar to an action for the residue, is well settled; but that rule applies to a case where the amount due is also settled and understood by the parties. In the present case, the amount between the parties was adjusted with the defendant's clerk, on the report of the superintendent having charge of the work, and a receipt in full was given. This settlement appears to have been without objection; and if made under such a state of facts, I think the judge was correct in holding the receipt to be evidence of a full settlement between the parties. What reasons may have induced a re-

linquishment of part of the claim does not appear, if any such deduction was made. The account appears to have been settled by the parties, without objection, at the place where the work was done, and where any difference of opinion might have been easily explained. After such a settlement, it ought not to be opened, without proof of mistake or error. No such proof is furnished here, and I think the judgment should be affirmed.

Judgment, in the first suit, in favor of the defendant, affirmed.

The second suit was determined as follows:

BY THE COURT. DALY, J.—There was no ground for the refusal of the justice to allow the defendant to give the written agreement in evidence. The complaint was for work, labor and services upon the Panama Railroad, by the plaintiff's assignor, Fagan, between the 1st of February and the 1st of August, 1853, $87. The answer was a general denial. The plaintiff's own witness, Cosgrove, proved that Fagan's contract with the defendant was partly in *writing* and partly *printed;* and the defendant's witness, Shaw, said that he made the contract with Fagan ; that he had authority from the defendant to make contracts with laborers going out to Panama, and that the contract made by Fagan was in writing; that the witness put Fagan's name to it, by his consent, and that it was signed by the defendant. In an action like this, for work and labor, proof of the existence of a written contract makes it obligatory upon the plaintiff to produce it, or account for its non-production, (*Ladue* v. *Seymour*, 24 Wend. 60,) for he cannot recover upon an implied promise, if there was an express contract. He was not required, in this case, to produce it, inasmuch as it was shown to have been retained and filed away by the defendant's agent, Shaw. But the defendant having offered to produce it, it was receivable in evidence, and he should have been permitted to prove it. The justice says, in his return, that he deemed it inadmissi-

ble under the pleadings. There was nothing in the pleadings to prevent it. It was a part of the plaintiff's case. The complaint is silent as to whether the plaintiff's claim is founded upon an implied or an express contract, and the answer is a denial of any contract at all. Under a summary complaint like this, it matters not whether the contract was express or implied. The plaintiff could recover under either. He was bound to prove a contract; and if it appeared that the parties had put their agreement in writing, the writing was the best evidence what that agreement was, and the defendant was entitled to the benefit of it.

It is urged by the respondent, that inasmuch as it was proved that Fagan could not write, and the witness, Shaw, who signed Fagan's name to the contract, could not remember whether it was read over or explained to him, it was not binding upon Fagan, and therefore not admissible as evidence of the agreement between him and the defendant. The inability of the witness to remember whether it was read over or explained to Fagan is wholly immaterial. He swears that he signed Fagan's name by his consent, and it is to be presumed that a man knows the nature of that to which he assents, by directing his name to be signed to it; and if he does not, he is nevertheless bound, unless an advantage was taken of his ignorance by a fraud practiced upon him. Nothing of the kind appeared here. Proof that Fagan could not write did not prove that he could not read; and there was evidence that it was the general practice of the office where the contract was executed, to explain the nature of contracts to parties who were unable to read. The evidence was abundantly sufficient to entitle the defendant to show, by his witness, that the contract he produced was the one executed by Fagan, which he was prevented from doing by the ruling of the justice that it was inadmissible under the pleadings.

Judgment reversed.